IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE MORESCHI<br>1024 Wren Drive<br>McKees Rocks, PA  15136<br>                        Plaintiffs<br>            vs.<br><br>CENTRAL CREDIT SERVICES, INC.<br>Attn:  James J. Eccleston, President<br>9550 Regency Square Boulevard, Suite 500<br>Jacksonville, FL  32225<br>                        Defendants | CIVIL ACTION<br><br><br><br>NO. |

**COMPLAINT**

**I.        INTRODUCTION**

The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress drafted the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

**II.        PARTIES**

1.        Plaintiff is Julie Moreschi, an adult individual and citizen of the Commonwealth of Pennsylvania who resides at the address captioned.  Plaintiff has been a resident of Pennsylvania at all times relevant hereto and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

2. Defendant is Central Credit Services, Inc., with an office for the regular transaction of business at the address captioned. Defendant is believed to be a Florida corporation that does business in the Commonwealth of Pennsylvania and engages in the business of debt collection in the Commonwealth of Pennsylvania.

3. Defendant has attempted to collect debts from residents of the Commonwealth of Pennsylvania, including specifically the debt alleged due and owing by the Plaintiff.

4. Defendant regularly engages in the collection of consumer debts by the use of mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due another.

5. Defendant is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

## III.   JURISDICTION

6. Jurisdiction arises under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692k and 28 U.S.C. §1337; and pursuant to 28 U.S.C. § 1367 for pendent state law claims, if any.

7. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacted business in Pennsylvania.

## IV.   STATEMENT OF CLAIM

8. On or about June 12, 2009, Defendant mailed Plaintiff correspondence attempting to collect a debt allegedly owed to LVNV Funding LLC and originally owed to Capital One, attached hereto and incorporated herein as Exhibit "A", redacted per local rule for privacy.

9. On or about June 15, 2009, "Tom Edwards", believed to be an agent and/or employee of Defendant, placed a telephone call to Plaintiff's brother at Plaintiff's brother's house leaving Defendant's name and telephone number, and advising Plaintiff's brother that Plaintiff needed to call Mr. Edwards immediately.

10. On or about June 15, 2009, Plaintiff called "Tom Edwards," believed to be an agent and/or employee of Defendant, wherein the following occurred:

   a. Plaintiff advised Tom Edwards that she was working with a debt settlement company and Tom Edwards should speak with them;

   b. Tom Edwards insisted on speaking with Plaintiff and informed Plaintiff that he "do[es] not work with them [debt settlement companies], nor will I talk to them."

   c. Plaintiff informed Tom Edwards that the debt settlement company was handling her negotiations, provided Tom Edwards the debt settlement company's information, and asked that he deal with the debt settlement company.

11. Over the next several weeks after June 15, 2009, Tom Edwards, believed to be an agent and/or employee of Defendant, continued to repeatedly call the Plaintiff on her cellular telephone, at her place of employment, and at home, wherein the following conversations occurred:

   a. Tom Edwards informed Plaintiff that the account must be settled immediately, that he would work out a deal only if Plaintiff would pay immediately;

   b. Plaintiff requested Tom Edwards to stop calling her on her cellular telephone and at her place of employment on numerous occasions;

3

    c. On one occasion, Plaintiff would not identify herself after answering a telephone call from Tom Edwards because she was at work, to which Tom Edwards responded "Julie, I know it is you, I know your voice. Why did you lie to me?" Plaintiff responded that it was not an appropriate time to talk because she was at work. Tom Edwards then asked Plaintiff to speak with her supervisor. Plaintiff refused. Tom Edwards responded that Plaintiff needed to work with Tom Edwards to resolve the debt that day or he would "go after" her assets. Plaintiff responded by telling Tom Edwards to talk to her debt settlement company, and asked Tom Edwards if he received a letter from her debt settlement company. Tom Edwards responded "I do not have to pay attention to that" and further informed Plaintiff of all of the things she could lose if she did not settle with Tom Edwards that day. Tom Edwards informed Plaintiff that today is "your last chance" to pay the debt. Tom Edwards continued to bully the Plaintiff in an attempt to get a payment over the telephone. Plaintiff continued to refuse. This telephone call lasted approximately one hour.

    d. When Plaintiff requested that Tom Edwards stop calling her parents and her brother, Tom Edwards stated that "I can contact your family because their telephone number is listed as your telephone number on the loan application." Plaintiff did not reside with her parents or her brother at the time Plaintiff applied for a Capital One card.

  12. Over the next several weeks after June 15, 2009, Tom Edwards, believed to be an agent and/or employee of Defendant, continued to repeatedly call the Plaintiff's parents and the Plaintiff's brother, wherein the following conversation occurred:

      a.     Tom Edwards informed Plaintiff's father, "if Julie does not get in touch with me, we will start taking her possessions."

      b.     Plaintiff's father informed Tom Edwards that Plaintiff does not live with him and that he would give Plaintiff the message.

      c.     Tom Edwards continued to make telephone calls to Plaintiff's parents' home.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

13.    Plaintiff repeats the allegations contained above as if the same were herein set forth at length.

14.    Based on the above allegations, Defendant violated the FDCPA in the following manner:

      a.     By revealing information concerning Plaintiff's debt to third parties in violation of FDCPA, 15 U.S.C. §1692b;

      b.     By communicating with Plaintiff at her place of employment when Defendant knew or had reason to know that Plaintiff's employer prohibited such contact, in violation of FDCPA, 15 U.S.C. §1692c(a)(3);

      c.     By revealing information concerning Plaintiff's debt to third parties in violation of FDCPA, 15 U.S.C. §1692c(b);

      d.     By engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of FDCPA, 15 U.S.C. §1692d;

  e. By the use of false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of FDCPA, 15 U.S.C. §1692e;

  f. By the threat to take any action that cannot legally be taken or is not intended to be taken in violation of FDCPA, 15 U.S.C. §1692e(5);

  g. By the use of any false representation or deceptive means to collect or attempt to collect any debt in violation of FDCPA, 15 U.S.C. §1692e(10); and

  h. By using unfair or unconscionable means to collect or attempt to collect a debt in violation of FDCPA, 15 U.S.C. §1692f.

15. As a result of Defendant's violations of the FDCPA, Plaintiff suffered damages.

16. As a result of Defendant's acts, Plaintiff endured extreme stress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

  (a) Damages;

  (b) Attorney's fees and costs; and

  (c) Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

**LAW OFFICE OF STEPHEN M. OTTO, LLC**

Date: June 11, 2010          By:     /s/Amy B. Good-Ashman
                                     **Amy B. Good-Ashman**
                                     Attorney ID #203427
                                     2 Woodland Road, Suite 201A
                                     Wyomissing, PA  19610
                                     Phone:  484-220-0481
                                     Fax: 610-743-8581
                                     amy@sottolaw.com
                                     **Stephen M. Otto**
                                     Attorney ID# 82463
                                     406 Broad Street, Suite 270
                                     Sewickley, PA  15143
                                     Phone:  412-741-1200
                                     Fax:  412-291-1012
                                     Attorneys for Plaintiff